UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Katherine Theiss,** *et al.***,** | ) | CASE NO. 1:10 CV 2675 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Educational Resource Consultants** | ) | **Memorandum of Opinion and Order** |
| **of Ohio, Inc.,** *et al.***,** | ) | **Of Dismissal** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion for Leave to Voluntarily Dismiss Complaint (Doc. 19). This is a labor dispute. For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiffs, Katherine Theiss and Loren Antelino, filed this collective action against defendants, Educational Resource Consultants of Ohio, J. Leonard Harding, Weems Charter School, and Franklin Carter, alleging that defendants failed to pay plaintiffs for work performed.

The complaint contains two claims for relief.  Count one is a violation of the Fair Labor Standards Act.  Count two alleges a violation of the Ohio Minimum Fair Wage Standards Act.

Plaintiffs filed this action on November 24, 2010.  On January 28, 2011, this Court held a case management conference.  At the case management conference, defendants informed the Court that an issue exists as to whether defendants could be considered an "employer" for purposes of this case.  Accordingly, the Court allowed the parties to conduct discovery on the issue, which the parties were to complete by March 15, 2011.  Defendants indicate that they informed the Court and plaintiffs of their intention to file a motion for judgment on the pleadings.  Thereafter, on February 7, 2011, counsel for plaintiffs contacted defense counsel and discussed the possibility of dismissing the complaint without prejudice.  Defense counsel indicated that they were in the process of filing a motion for judgment on the pleadings.  Defense counsel then agreed not to file the motion at that time and further agreed to consider plaintiff's request for a dismissal without prejudice.[1]  It appears that defendants ultimately declined to join in plaintiffs' request and, on February 22, 2011, defendants filed a motion for partial judgment on the pleadings.  That same day, plaintiffs moved to voluntarily dismiss the complaint.  At the request of the parties, the Court held a telephonic status conference and stayed discovery pending a ruling on plaintiffs' motion to dismiss.  Defendants oppose the motion.

**ANALYSIS**

Pursuant to Fed. R. Civ. Proc. 41(a), a plaintiff may dismiss a complaint without court

---

[1]  Technically, plaintiffs appear to have indicated their intent to file an amended complaint including only state law claims and then seek to "remand" this case to state court.  Of course, since plaintiffs originally filed this case in federal court, dismissal–as opposed to remand–would be the appropriate action.

approval, unless defendant filed an answer or motion for summary judgment. In such a case, dismissal can only be had by order of the court. In this case, defendants filed an answer before plaintiffs sought to dismiss their claims.

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.

*Grover v. Eli Lily and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)(citations and quotations omitted).

In determining whether a defendant will suffer "plain legal prejudice," courts should consider the following: (1) the defendants' effort and expense of preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiffs; (3) insufficient explanation of the reason the dismissal is being sought; and (4) whether a motion for summary judgment is pending. *Id*.

Upon review of these factors, the Court finds that plaintiffs are entitled to dismiss this action without prejudice. The first factor clearly weighs in favor of plaintiffs. Plaintiffs filed this action a mere ten weeks before informing defendants that they intended to dismiss the lawsuit. In the meantime, the Court held a case management conference and set no discovery cutoff or trial date. Therefore, defendants cannot argue that they undertook any effort and expense in preparing for trial.

The Court further finds that the second factor weighs in favor of allowing dismissal. Contrary to defendants' suggestion, there is no indication that plaintiffs engaged in any delay. Defendants criticize plaintiffs for failing to conduct any "employer" related discovery. On January 28, 2011, this Court indicated that the parties could proceed with this limited discovery. By defendants own admission, a mere ten days later, plaintiffs informed them of their intent to

seek dismissal of certain claims and file an amended complaint. Moreover, plaintiffs sought dismissal less than three months after they filed the complaint.

With regard to the third factor, the Court finds that this factor does not weigh strongly in favor of either party. According to plaintiffs, they intend to dismiss their FLSA claim in favor of "more appropriate" state law claims. Defendants, on the other hand, argue that plaintiffs are impermissibly forum shopping and are simply attempting to avoid a dispositive decision by this Court. While "forum shopping" may amount to "plain legal prejudice" in some cases, it does not rise to that level here. As an initial matter, plaintiffs appear to argue that their FLSA claim may be unavailable and, as such, they wish to pursue their state law claims in state court. In the context of the timing of this case, the Court finds that allowing plaintiffs to pursue state law claims in state court will not amount to "plain legal prejudice." Even if the Court dismissed plaintiff's FLSA claim with prejudice, the Court is not required to accept supplemental jurisdiction over any remaining state law claims. Given that this case was recently filed and no discovery has occurred to date, the Court finds that allowing the state law claims to be pursued in state court is not "plain legal prejudice." Moreover, upon review of the pending motion for partial judgment on the pleadings, the Court finds that factor three does not weigh strongly in favor of defendants. Not only does the motion ask the Court to determine that teachers are exempt from the FLSA and OMFWA, defendants further ask the Court to determine that defendants are statutorily immune under state law from *all* state law claims, even though there are no other claims currently pending. Thus, the crux of the dispute is not the viability of plaintiffs' federal claim. In addition, defendants overlook the fact that their motion is a motion for *partial* judgment on the pleadings. Thus, this litigation would continue even if defendants'

efforts proved successful.  As such, the Court finds that the third factor does not weigh in favor of either party.

The fourth factor weighs in favor of plaintiffs, as no motion for summary judgment is pending.  Nor has any discovery occurred in this case.

Upon review of all of the factors, the Court finds that factors one, two, and four weigh in favor of plaintiffs.  Factor three is neutral.  Accordingly, the balance of the factors weigh in favor of allowing dismissal.

### **CONCLUSION**

Plaintiff's Motion for Leave to Voluntarily Dismiss Complaint (Doc. 19) is GRANTED.

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/17/11